**[ORAL ARGUMENT NOT YET SCHEDULED]**

**Nos. 25-1019, 25-1020**

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

DAVID JULIAN,

*Petitioner,*

*v.*

OFFICE OF THE COMPTROLLER OF THE CURRENCY,

*Respondent.*

PAUL MCLINKO,

*Petitioner,*

*v.*

OFFICE OF THE COMPTROLLER OF THE CURRENCY,

*Respondent.*

On Petition For Review Of Order
Of The Office Of The Comptroller Of The Currency

**MOTION ON PROPOSED BRIEFING SCHEDULE AND FORMAT**

Petitioners and Respondent (the "Parties") in the above-captioned consolidated petitions for review respectfully submit this motion to adopt the Parties' proposed briefing schedule and Petitioners' proposed briefing format, which Respondent does not join. These proposals are offered consistent with the

Parties' representation in the Joint Motion to Consolidate that they "would meet and confer with a view to submitting an agreed proposed briefing plan by the later of March 3, 2025, or two weeks after [the] motion to consolidate is granted."  The Court granted the Joint Motion to Consolidate on March 3, 2025.

## I.    JOINT PROPOSED BRIEFING SCHEDULE

After conferring, the Parties jointly propose that the Court adopt the following briefing schedule:

| | |
|---|---|
| Petitioners' Consolidated Brief | June 30, 2025 |
| Respondent's Brief | August 29, 2025 |
| Petitioners' Consolidated Reply Brief | October 17, 2025 |
| Deferred Joint Appendix | October 31, 2025 |
| Final Briefs | November 14, 2025 |

The Parties believe that these proposed briefing deadlines are reasonable in light of the extensive record, the complex nature of the issues presented, the number of distinct issues likely to be raised, and the fact that Petitioners will need to coordinate briefing.  This proposed briefing schedule will allow the Parties and the Court to more efficiently litigate and decide the case.

## II.    PETITIONERS' PROPOSED BRIEFING FORMAT

Petitioners propose that Petitioners and Respondent file single, consolidated briefs with extended word limits.  Petitioners propose that the Court adopt the following word limits:

| | |
|---|---|
| Petitioners' Consolidated Brief | 26,000 words |
| Respondent's Brief | 26,000 words |
| Petitioners' Consolidated Reply Brief | 13,000 words |

Petitioners believe that the foregoing word limits are reasonable and necessary to allow them to effectively brief the consolidated petitions for review. Petitioners in this proceeding are subject to separate orders imposing civil money penalties of $7 million and $1.5 million, respectively, as well as cease-and-desist orders.  They thus have a substantial personal stake in the outcome of the appeal. And while Petitioners will address issues that apply to both of them only once in consolidated fashion, they will need to address certain issues separately as the facts and legal standards governing those issues will differ.  For example, the professional standards governing the conduct of Petitioner David Julian, who for a time served as Chief Auditor of Wells Fargo Bank, N.A., differ in material respects to the responsibilities of Petitioner Paul McLinko, who served as an Executive Audit Director at the Bank.  Different facts and evidence will thus need to be discussed related to Petitioners' supposed wrongdoing, including the testimony

3

offered by Petitioners themselves as well as from the separate experts who testified about the professional standards governing their respective roles. Respondent has also argued that Petitioners violated their professional standards in unique ways, necessitating separate discussions to address those conclusions. Moreover, the total number of words does not exceed the total words that would be permitted were Petitioners to submit separate briefs.

The above word limits are also reasonable considering the extensive record, the complex nature of the issues presented, and the number of distinct issues likely to be raised. Respondent's final decisions exceed 240 pages, it reviews an initial decision spanning 753 pages, and the Parties' final briefing in the agency proceeding exceeded 5,600 *pages*, all of which underscore the complexity and numerosity of the issues in the case. The expansive agency record here includes over 3,000 exhibits and a hearing transcript covering 38 days of testimony that spans over 10,000 pages. Respondent itself has repeatedly recognized the unique complexity of this case, *sua sponte* issuing three extensions for issuing a final decision based on the "complexity of this matter" and "the volume of the administrative record." Respondent's final decision likewise acknowledges "the unprecedented size of this case." The above word limits are thus appropriate notwithstanding the efficiencies gained from consolidating the petitions for review. In fact, absent consolidation Petitioners likely would have sought extensions of the

word limit for their respective briefs to account for the large record as well as the complex and numerous issues presented. *See, e.g.*, Statement of Issues to be Raised, *Julian v. OCC*, No. 25-1019 (Feb. 14, 2025).

Respondent does not join Petitioners' proposed briefing format. Respondent consents only to an extension of the word limit to 18,000 words for Petitioners' Consolidated Brief and Respondent's Brief, and 9,000 words for Petitioners' Consolidated Reply Brief.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter the briefing deadlines above. Petitioners further request that the Court enter the proposed briefing format and word limits.


Dated:  March 17, 2025                    Respectfully submitted,

                                          /s/ Mark C. Fleming
                                          Mark C. Fleming
                                          WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
                                          60 State Street
                                          Boston, MA 02109
                                          mark.fleming@wilmerhale.com

                                          Matthew T. Martens
                                          Derek A. Woodman
                                          WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
                                          2100 Pennsylvania Ave., NW
                                          Washington, DC  20037
                                          matthew.martens@wilmerhale.com

derek.woodman@wilmerhale.com

*Counsel for David Julian*

/s/ Matthew S. Hellman
Matthew S. Hellman
JENNER & BLOCK
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
mhellman@jenner.com

Gabriel K. Gillett
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
ggillett@jenner.com

Timothy P. Crudo
Rees F. Morgan
Mark L. Hejinian
Daniel M. Bruggebrew
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA 94104

*Counsel for Paul McLinko*

/s/ Jason Fernandes
Jason Fernandes
Attorney

Patricia S. Grady
Deputy Chief Counsel

Peter C. Koch
Director for Litigation

Amber Melton
Assistant Director for Litigation

Daniel Prieve
Counsel

Derick Fong
Attorney

Kristin McManus
Attorney

OFFICE OF THE COMPTROLLER
  OF THE CURRENCY
400 7th Street S.W.
Washington, D.C. 20219
(202) 701-5491
jason.fernandes@occ.treas.gov
patricia.grady@occ.treas.gov
peter.koch@occ.treas.gov
amber.melton@occ.treas.gov
daniel.prieve@occ.treas.gov

*Counsel for Office of the Comptroller of the
Currency*

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing motion complies with the type-volume limitation of Fed. R. App. 27(d)(2)(A), Fed. R. App. P. 32(f) and D.C. Cir. R. 32(e)(1), because it contains 739 words, excluding exempted parts, according to the count of Microsoft Word 365.  I further certify that the foregoing motion also complies with Fed. R. App. P. 32(a)(5)-(6) and Fed. R. App. P. 27(d)(1)(E) because it has been prepared using Microsoft Word 365 in 14-point proportionally spaced Times New Roman typeface.

/s/ Mark C. Fleming
Mark C. Fleming